UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


MARK EDWARD MARCHIAFAVA                         CIVIL ACTION

VERSUS

THE GONZALEZ LOUISIANA POLICE                   No. 06-414-RET-CN
DEPARTMENT, THE ASCENSION PARISH
SHERIFF'S OFFICE, OFFICER ROME,
OFFICER DAVID BREAUX,
OFFICER BILLIOT, AND OFFICERS
JOHN DOE AND RICHARD ROE

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter before the court is a Motion for Judgment on the Pleadings (Doc. No. 21) filed by defendant Ascension Parish Sheriff's Office.[1] Plaintiff Mark Edward Marchiafava ("Marchiafava"), has filed an opposition memorandum (Doc. No. 22). Jurisdiction is based upon federal question, 28 U.S.C. § 1331. Venue is appropriate because the activities giving rise to the instant action occurred in this district.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On Saturday, January 28, 2006, plaintiff Mark Marchiafava stood in the parking lot of the Tanger Mall wearing a blue steel 357 Magnum pistol in a holster on his right hip. Upon observing Marchiafava and the gun on his hip, Officer Rome, a member of the Gonzales Police Department, asked him, "Sir, why are you wearing a gun?" Machiafava alleges that he laughed and said, "Every

---

[1] The Court notes at the outset that in its Memorandum In Support of Sheriff Wiley's Rule 12(c) Motion for Judgment on the Pleadings, Defendant attempts to change the named defendant from the Ascension Parish Sheriff's Office to Sheriff Wiley. Counsel in this matter also signs on behalf of Ascension Parish Sheriff Jeff Wiley, who, as of the time of this writing has not even been named a party to this suit. Procedurally, the defendant cannot amend a complaint on behalf of the plaintiff. Therefore, and for the purposes of this ruling, the Court will not recognize Sheriff Wiley as a defendant in this action.

citizen has that right," and that this response was met in silence by Officer Rome.[2] In response to Officer Rome's silence, Marchiafava alleges that he asked Officer Rome rhetorically, "Don't you know that?" a total of three (3) times until Officer Rome finally responded, "No, I did not know that."[3]

Officer Rome then asked to see Marchiafava's driver's license. Although Marchiafava indicates uncertainty as to what happened next, he alleges that Officer Rome "is believed to have ordered a background check on [him] before he returned his license to him, saying, "Have a good day.""[4] As he walked away, Marchiafava alleges that he heard Officer Rome say, "Headquarters, will you print me a copy of that?"

Next, Marchiafava alleges that he proceeded to the vehicle of a family friend and was driven away from the Tanger Mall parking lot. As the vehicle approached the exit at Louisiana Highway 44, Marchifava alleges that "an unmarked Gonzales, Louisiana Police Department unit, and four (4) marked units, squeezed [his] friend's vehicle onto the median grass, at which time multiple officers began hollering at [him] tp exit the vehicle with his hands away from his side."[5] At this time, Marchiafava believed that other officers pointed weapons at him.[6] Shortly thereafter, officers on the scene arrested Marchiafava and brought him to the Gonzales, Louisiana Police Station.

After a short time at the Gonzales Police Station, Officer Billiot, a member of the SWAT Team, brought Plaintiff to the Donaldson Parish Prison in Donaldsonville, Louisiana. There

---

[2] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

[3] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

[4] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

[5] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

[6] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

members of the Ascension Parish Sheriff's Office charged and booked Marchiafava for illegally carrying a weapon in violation of La. R.S. 14:95.[7] Following his arrest, Marchiafava alleges that the Ascension Parish District Attorney, upon hearing the facts and circumstances of the events described herein, decided not to prosecute him and that the Officers "had been wrong."[8]

Marchiafava filed a complaint and demand for trial by jury on June 14, 2006 (Doc. No. 1) naming the Ascension Parish Sheriff''s Office, along with the Gonzales, Louisiana Police Department and other officers involved in the arrest, as defendants. In his complaint, Marchiafava alleges that the defendants committed a series of constitutional torts against him in connection with his arrest, namely: (1) false arrest; (2) false imprisonment; (3) assault and battery, including using excessive force under the facts and circumstances; (4) intentional infliction of emotional distress; and (5) the taking of legally owned property, specifically, a blue steel 357 Magnum revolver with a 4-inch barrel.[9]

Based on these events, Marchiafava advances a litany of claims against the defendants including violations of the Second, Fourth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Marchiafava also alleges that the defendants conspired to deprive him of his constitutional rights and failed to intervene in violation of 42 U.S.C. §§ 1985, 1986. Additionally, plaintiff asserts several state law claims.

---

[7] § 14:95. Illegal carrying of weapons

A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person;
...
La. R.S. 14:95 (2007).

[8] Plaintiff's Complaint and Demand for Trial by Jury ¶6.

[9] Plaintiff's Complaint and Demand for Trial by Jury ¶5.

Defendant now moves individually for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For reasons that follow, the Court will **GRANT** Defendant's Motion for Judgment on the Pleadings and **DISMISS WITH PREJUDICE** the Ascension Parish Sheriff's Office from this lawsuit.  The Court will also, *sua sponte*, **DISMISS WITH PREJUDICE** the Gonzales Police Department from this lawsuit.

### RULE 12 (c) MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure authorizes a motion for judgment on the pleadings only if the pleadings indicate that relief is proper.[10] When considering a motion under 12(c), the court must look only at the pleadings and accept the allegations in them as true.[11] When material outside the pleadings is considered, however, the court will generally exercise its discretion to treat the motion as one for summary judgment.[12] The court will then evaluate such extra-pleading materials to determine whether a genuine issue of material fact exists.[13] "A motion for a judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted."[14] "If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no question of fact exists,

---

[10] Fed. R. Civ. P. 12(c).

[11] **St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins.** *Co.*, 937 F.2d 274, 279 (5th Cir. 1991), citing **Lujan v. Nat'l Wildlife Fed'n,** 497 U.S. 871, 880, 110 S. Ct. 3177, 3184, 111 L. Ed. 2d 695 (1990), and **Cramer v. Skinner,** 931 F.2d 1020, 1025 (5th Cir. 1991).

[12] **Id.**

[13] Fed.R.Civ.P. 56(c); see also **South Central Bell Telephone Co. v. Canal Place Ltd. Partnership**, 927 F.2d 867, 868 (5th Cir.1991).

[14] **Blythe Motor Lines Corp**., 310 F.2d at 78-79, (citing 2 Moore's Federal Practice 2269, Par. 12.15, n.9).

Doc#1761

then a judgment on the pleadings may be appropriate."[15]

## LAW AND DISCUSSION

Defendant alleges that a judgment on the pleadings is proper because under § 1983, "government officials performing discretionary functions are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[16] However, because the Court, *sua sponte*, notices that the Ascension Parish Sheriff's Office and the Gonzales Police Department are not proper defendants in this matter, it is unnecessary to reach the merits of the issues raised by Defendant.

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held."[17] Thus, in order to determine whether the Ascension Parish Sheriff's Office and the Gonzales Police Department have the capacity to be sued, the Court must look to Louisiana law. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."[18]  In the case of the Ascension Parish Sheriff's Office, the Louisiana Supreme Court has held that the Sheriff's Department is not a legal entity capable of being sued.[19] To the contrary, "it is the elected Sheriff, not the "Parish Sheriff's Office," that is the constitutionally designated chief law

---

[15] **Id.** See also Wright and Miller at § 1368.

[16] Defendant's Memorandum in Support of Motion for Judgment on the Pleadings at 3.

[17] Fed. R. Civ. P. 17(b).

[18] La. Civ. Code art. 24.

[19] **Valentine v. Bonneville Ins. Co.**, 691 So. 2d 665, 668 (La. Mar. 17, 1997) ("It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued" citing **Ferguson v. Stephens**, 623 So. 2d 711 (La. App. 4th Cir. 1993); **Garner v. Avoyelles Sheriff's Dept.**, 511 So. 2d 8 (La. App. 3d Cir. 1987); **Jenkins v. Jefferson Parish Sheriff's Office**, 385 So. 2d 578 (La. App. 4th Cir. 1980)).

enforcement officer of the Parish."[20]

Here, the Court finds no law, Constitutional, statutory, or otherwise, that confers upon the Ascension Parish Sheriff's Office the authority to sue or to be sued. The Court also finds no authority that entitles the Ascension Parish Sheriff's Office to function independently of the Ascension Parish Sheriff.[21] For these reasons, the Court finds that the Ascension Parish Sheriff's Office is not a proper party defendant to this action.

Furthermore, as the Court discussed above with respect to the Ascension Parish Sheriff's Office, the Gonzales Police Department is merely a department within the City of Gonzales – not an individual, corporation, partnership, or any entity to which the law attributes personality. Accordingly, it lacks legal existence and the capacity to be sued.

Therefore, and after considering established law and legal precedent, the Court finds that the Ascension Parish Sheriff's Office and the Gonzales Police Department are not juridical persons pursuant to Article 24 of the Louisiana Civil Code. As such, the Ascension Parish Sheriff's Department and the Gonzales Police Department lack the capacity to be sued under either federal or state law. Therefore, both the Ascension Parish Sheriff's Department and the Gonzales Police Departments are not proper parties to this action and must be dismissed.

## CONCLUSION

For the reasons outlined above **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** and accordingly, the Ascension Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** from this lawsuit.

---

[20] **Id.**

[21] **Id.**

**IT IS FURTHER ORDERED** on the Court's own motion that the Gonzales Police Department also be **DISMISSED WITH PREJUDICE** from this lawsuit.

It is so **ORDERED.**

Signed in Baton Rouge, Louisiana, on June 13, 2008.

                                      **RALPH E. TYSON, CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **MIDDLE DISTRICT OF LOUISIANA**